[No. D043340. Fourth Dist., Div. One. Apr. 2, 2004.]

CHARLES TERRY TEAL II, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
PEOPLE OF THE STATE OF CALIFORNIA, Real Party in Interest.

**COUNSEL**

Lisa Kay Baughman for Petitioner.

No appearance for Respondent.

Bonnie M. Dumanis, District Attorney, Kim-Thoa Hoang and Michael E. Zachry, Deputy District Attorneys, for Real Party in Interest.

OPINION

**McINTYRE, J.**—Charles Terry Teal II issued third party subpoenas seeking material to assist in defending criminal charges filed against him. After an in camera review, the trial court allowed defense counsel to obtain some of the subpoenaed material, but ordered her to provide copies of this material to the prosecution. Teal filed a petition for a writ of mandate seeking review of the portion of this order requiring divulgence of the discovered information and denying his request for certain information relating to a percipient witness to the incident. We grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Teal was charged with attempted murder, battery causing great bodily injury and assault by means likely to cause great bodily injury after he allegedly threw a man off the third floor balcony of a motel. A motel security guard saw the incident and identified Teal.

Teal made an informal request to have the prosecution produce, among other things, criminal records (rap sheets) for prosecution witnesses under Penal Code section 1054 et al. (All statutory references are to this code.) Defense counsel moved for discovery after she was unable to obtain the material based on her informal request. (§ 1054.5, subd. (b).) The trial court granted the motion in part, but denied the request for the rap sheets. Teal then served a subpoena duces tecum on the Los Angeles Sheriff's Department (the Sheriff) and the Los Angeles Police Department (LAPD) seeking records on Teal, the victim and two other individuals. Teal also subpoenaed records from the motel seeking, among other things, the names, addresses and telephone numbers of witnesses to the incident.

The records were subpoenaed directly to the court, and the trial judge reviewed the documents out of the presence of the prosecution. The court allowed defense counsel to obtain the LAPD records, but required her to provide copies of these records to the prosecution. The trial court also refused to release the motel records on the ground they were personnel records of the witness. Teal filed this petition seeking a stay of both the record production to the prosecution and the trial. We granted the stay and issued an order to show cause why the relief sought should not be granted.

## DISCUSSION

■ Section 1054 et seq. authorizes reciprocal discovery in criminal cases and requires the prosecuting attorney to disclose the "existence of a felony conviction of any material witness whose credibility is likely to be critical to

the outcome of the trial." (§ 1054.1, subd. (d).) Under the statutory scheme, the parties must informally request the desired information, but may seek a court order enforcing discovery if the opposing party does not comply with the request. (§ 1054.5, subd. (b).)

■ The prosecution is required to disclose a matter only if it is "in the possession of the prosecuting attorney" or "the prosecuting attorney knows it to be in the possession of the investigating agencies." (§ 1054.1.) Thus, materials discoverable by the defense include information in the possession of law enforcement agencies that investigated or prepared the case against the defendant. (§ 1054.5, subd. (a); *In re Littlefield* (1993) 5 Cal.4th 122, 135 [19 Cal.Rptr.2d 248, 851 P.2d 42].) However, the statutory discovery scheme does not apply to information possessed by third parties or agencies that have no connection to the investigation or prosecution of the criminal charge. (*People v. Superior Court (Barrett)* (2000) 80 Cal.App.4th 1305, 1313 [96 Cal.Rptr.2d 264]; *People v. Superior Court (Broderick)* (1991) 231 Cal.App.3d 584, 594 [282 Cal.Rptr. 418].)

Here, Teal requested rap sheets under the reciprocal discovery provisions of sections 1054 et seq. The prosecution opposed the motion, representing that it had disclosed to Teal all information required by section 1054.1 and that all other items were beyond the scope of discovery. Because the reporter's transcript of the hearing on Teal's motion is not before us, we do not know why the trial court denied discovery of the rap sheets. However, Teal represents that the trial court ruled the prosecution had no obligation to provide Los Angeles criminal records for prosecution witnesses, indicating that he must subpoena these records. If so, the trial court impliedly found that the LAPD and Sheriff were third parties, rather than investigating agencies connected to the investigation or prosecution of the charges against Teal. (*Barrett, supra,* 80 Cal.App.4th at pp. 1314–1315.) Based on this implied ruling, defense counsel was required to issue subpoenas to obtain the desired information.

To protect Teal's Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel, the subpoenaed documents were produced in camera to allow defense counsel to present relevancy arguments without having to reveal possible defense strategies and work product to the prosecution. (*Barrett, supra,* 80 Cal.App.4th at pp. 1320–1321.) After hearing counsel's argument, the trial court determined that Teal was entitled to the materials from the LAPD, but that a copy of the materials must be provided to the prosecution. The trial court made this order despite defense counsel's representations that she would comply with the provisions of sections 1054 et seq. if, at trial, she intended to introduce any evidence relating to the documents or intended to call any witnesses whose names were included in the documents. (§§ 1054.3, 1054.7.)

■ As this court noted in *Barrett*, it is inappropriate to give a defendant "the Hobson's choice of going forth with his discovery efforts and revealing possible defense strategies and work product to the prosecution, or refraining from pursuing these discovery materials to protect his constitutional rights and prevent undesirable disclosures to his adversary. [Citation.]" (*Barrett, supra*, 80 Cal.App.4th at p. 1321.) The trial court's order to reveal the subpoenaed materials to the prosecution placed Teal in this untenable position. As such, we conclude that the trial court abused its discretion in ordering defense counsel to provide the subpoenaed materials to the prosecution and that the error impinged upon Teal's constitutional rights. (*Id.* at pp. 1320–1321.) Should defense counsel decide to introduce evidence at trial relating to these documents or call any witnesses whose name appears in the documents, she must comply with the requirements of section 1054 et. seq.

Teal also contends he is entitled to the documents produced by the motel in response to the subpoena to assist him in locating the motel security guard who witnessed the incident. Although the trial court correctly ruled that personnel records produced by the motel are not discoverable, Teal is entitled to disclosure of the name, address and telephone number of the security guard who witnessed the incident, assuming this information is contained in the materials provided by the motel.

## DISPOSITION

Let a writ issue directing the superior court to vacate its ruling of December 3, 2003, insofar as it requires Teal to produce subpoenaed documents to the prosecution and denies his request for the name, address and telephone number of the security guard who witnessed the incident. Our temporary stay of the proceedings is vacated. The original reporter's transcript of the December 3, 2003 hearing shall remain under seal. This opinion is made final immediately as to this court. (Cal. Rules of Court, rule 24(b)(3).)

Nares, Acting P. J., and Aaron, J., concurred.