Filed 2/24/14  P. v. Hammock CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL JAMES HAMMOCK,<br><br>    Defendant and Appellant. | G048318<br><br>(Super. Ct. No. 11HF1255)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Carla Singer and Steven D. Bromberg, Judges.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Michael James Hammock of five counts each of aggravated sexual assault on a child (Pen. Code, § 269, subd. (a)(1), all further statutory references are to this code) and sexual intercourse or sodomy with a child (§ 288.7, subd. (a)). These offenses were all committed against a single child victim who we will refer to as B.H. The trial court sentenced Hammock to a total term of 75 years to life in state prison. This appeal followed.

Hammock does not directly challenge his conviction or sentence. Instead he asks that we independently review the victim's academic records to determine if they contain any exculpatory, impeachment or other material evidence favorable to Hammock, which the trial court should have disclosed to the defense pursuant to section 1326, subdivision (c). We have conducted the independent review of those records as requested and determined there is no such evidence. Therefore, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

Before trial the defense subpoenaed B.H.'s elementary and middle school academic records and they were received by the trial court in a sealed envelope. Judge Bromberg reviewed these records on January 25, 2013, found nothing exculpatory, and ordered the clerk to seal them again. Judge Singer also reviewed these records on February 11, 2013, and again found nothing exculpatory that should be disclosed. Judge Singer specifically found nothing which showed B.H. had "been acting out or saying things to other children that were inappropriate, suggesting that she had some experience with sex. Or indicating that she was pregnant." "There was absolutely no document that had any report of her being sent home or acting inappropriately whatsoever."

**DISCUSSION**

Under section 1326, subdivision (c), a third party responding to a subpoena duces tecum in a criminal case must deliver the subject materials to the clerk of court so

---

[1] The facts surrounding the offenses committed are irrelevant to the only issue presented on appeal and are therefore omitted from this opinion.

the court can hold a hearing to determine whether the requesting party is entitled to receive them. (*Kling v. Superior Court* (2010) 50 Cal.4th 1068, 1071.) "The trial court may order an in camera review of the records produced . . . and, as the People concede, may conduct some or all of the hearing . . . ex parte . . . . [Citation.]" (*Id.* at p. 1079.)

This court's function is to review the academic records in order to determine whether they contained anything material that should have been disclosed. (*People v. Martinez* (2009) 47 Cal.4th 399, 453.) We have reviewed all 131 pages of the subpoenaed academic records, and have concluded they contain nothing material that should have been disclosed to the defense.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.


WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.


3