Filed 6/28/19; Certified for Publication 7/22/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NORTH RIVER INSURANCE COMPANY,<br><br>    Defendant and Appellant. | H045228<br>(Santa Clara County<br>Super. Ct. No. C1527676) |

## I.    INTRODUCTION

The North River Insurance Company (North River) appeals from an order denying its motion to vacate forfeiture and exonerate a bail bond and from the subsequent judgment entered against it.  North River contends that the trial court lost jurisdiction over the bond by failing to declare a forfeiture pursuant to Penal Code section 1305, subdivision (a)[1] when defendant Carlos Eduardo Chirinos failed to appear at a hearing in his criminal case.  For reasons that we shall explain, we will reverse the order and exonerate the undertaking.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

## II. PROCEDURAL BACKGROUND

On December 30, 2015, Chirinos waived arraignment in his criminal case and the trial court remanded him into custody, set bail at $50,000, and continued the matter to January 6, 2016. On January 6, 2016, Chirinos waived the statutory time requirements for his preliminary hearing and the trial court continued the case until February 3, 2016, keeping the bail as set. On January 14, 2016, Golden State Bail Bonds, an agent of North River, posted a $50,000 bail bond for Chirinos's release from custody. The bail receipt reflected that Chirinos's next court date was February 3, 2016.

Chirinos appeared in court on February 3, 2016, and the trial court continued the case until March 3, 2016. On March 3, 2016, with Chirinos present, the trial court set the case for preliminary hearing on April 7, 2016. On March 11, 2016, the district attorney filed a "notice of motion for release of documents pursuant to subpoena duces tecum, and declaration in support thereof," and calendared the motion to be heard on March 28, 2016. (Capitalization omitted.) The proof of service attached to the motion states that the public defender was served "by county pony mail." (Capitalization omitted.)

Chirinos did not appear at the March 28, 2016 hearing on the subpoenaed records. Instead, his attorney stated her appearance "on behalf of Mr. Chirinos, who is not present," and "ask[ed] that [Chirinos's] appearance be excused today." The trial court did not respond to counsel's request, but the "judge's notes" state, "[W]aived Δ."[2] The trial court released the subpoenaed records to the district attorney and continued the matter until April 7, 2016 for the preliminary hearing, as previously set.

---

[2] The "judge's notes" were attached as an exhibit to the district attorney's opposition to North River's motion to vacate forfeiture and exonerate the bail bond. The handwritten notes appear in a log kept for each court appearance that provides the court date, department, name of counsel, and disposition.

There is no minute order in the record for April 7, 2016, but the "judge's notes" for that date state, "ΔP," and indicate that the preliminary hearing was held and the case was set for arraignment on the information on April 18, 2016. Chirinos was arraigned on April 18, 2016, and the matter was continued until June 27, 2016.

Chirinos failed to appear at the June 27, 2016 court date, and on June 28, 2016, the trial court ordered the bond forfeited, to be final in 180 days unless Chirinos was surrendered to the court or into custody. On December 22, 2016, the bail agent moved to extend the 180-day forfeiture period. The hearing on the motion to extend the forfeiture period was continued until March 1, 2017, and then again until March 22, 2017.

On March 6, 2017, North River filed a motion to vacate forfeiture and exonerate the bail bond based on the trial court's failure to order bail forfeited on March 28, 2016, when Chirinos did not appear at the hearing on the subpoenaed records. The motion was initially calendared for March 22, 2017, but the hearing on the motion was continued several times, as was the hearing on the agent's motion to extend the forfeiture period.

The trial court heard North River's motion to vacate forfeiture and exonerate the bail bond and the agent's motion to extend the forfeiture period on April 19, 2017. The court denied the motion to vacate forfeiture and exonerate the bail bond, determining that a criminal defendant's "presence can be waived at a subpoena duces tecum hearing" and that Chirinos's "presence was waived. The judge's notes indicate that." The court found good cause to grant the agent's motion to extend the 180-day period and extended the forfeiture period until October 16, 2017.

North River filed a notice of appeal on October 13, 2017, appealing the trial court's denial of its motion to vacate forfeiture and exonerate the bond and the trial court's entry of "summary judgment." The trial court filed the judgment against North River on January 12, 2018.

3

## III.    DISCUSSION

North River contends that under section 1305, subdivision (a), the trial court was required to forfeit the bail bond when Chirinos did not appear at the hearing for the release of the subpoenaed records on March 28, 2016 because:  (1) Chirinos's appearance at the hearing was required by section 977, subdivision (b) and former Santa Clara County Superior Court Local Rules, criminal rule 3(C)(1),[3] and (2) the record does not contain a sufficient excuse for Chirinos's nonappearance.  North River asserts that the trial court's failure to forfeit the bond on March 28 left the court without jurisdiction to forfeit the bond at a later date, including when the court did so on June 28, 2016.  County counsel argues that the trial court properly did not forfeit the bail bond on March 28, 2016 because:  (1) Chirinos's presence at the hearing on the subpoenaed records was not required under section 977, subdivision (b), (2) the trial court did not order Chirinos to appear at the hearing and the hearing date was not set when Chirinos was present, and (3) there is no evidence in the record that Chirinos had actual notice of the hearing.  Thus, county counsel maintains that the trial court did not lose jurisdiction to forfeit the bond at a later date.

### A.    *Legal Principles*

"The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308.  [Citation.]  'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.'  [Citation.]  'While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature.'  [Citation.]  In that regard, the bail bond itself is a ' "contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." '  [Citation.]

---

[3]  Former Santa Clara County Superior Court Local Rules, criminal rule 3(c)(1) was renumbered to criminal rule 2(A)(1), effective January 1, 2019.

4

When a defendant who posts bail fails to appear at a scheduled hearing, the forfeiture of bail implicates not just the defendant's required presence, but constitutes a 'breach of this contract' between the surety and the government. [Citation.] Ultimately, if the defendant's nonappearance is without sufficient excuse, it is the surety who 'must suffer the consequences.' [Citation.]" (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709 (*Safety National*).)

"Section 1305[, subdivision] (a) provides in pertinent part: '(a) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) *Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required*. [¶] (5) To surrender himself or herself in execution of the judgment after appeal.' (Italics added.) These two jurisdictional prerequisites—specifically, the defendant's failure to appear at an enumerated proceeding or on another occasion as 'lawfully required,' and the lack of a sufficient excuse for the defendant's nonappearance—must be met before the trial court may declare a forfeiture. [Citation.] If the court fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later. [Citations.] However, the trial court may continue a case for a reasonable period without ordering a forfeiture of bail or issuing a bench warrant, if it 'has reason to believe that sufficient excuse may exist' for the defendant's failure to appear. (§ 1305.1; [citation].)" (*Safety National*, *supra*, 62 Cal.4th at pp. 709-710.)

Section 1305 is " ' "subject to precise and strict construction" ' " (*People v. Amwest Surety* (1997) 56 Cal.App.4th 915, 921 (*Amwest Surety*)), and a trial court must "carefully follow [the statute] or its acts may be found to be without, or in excess of, its jurisdiction" (*People v. Financial Casualty* (2017) 14 Cal.App.5th 127, 133 (*Financial Casualty*)).

5

We review an order denying a motion to vacate a bond forfeiture de novo where, as here, the facts are uncontested and the issue concerns a pure question of law. (*County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314 (*Financial Casualty & Surety*).)

**B.**  *Analysis*

This case requires us to determine whether Chirinos's appearance at the March 28, 2016 hearing on the release of the subpoenaed records was "lawfully required" (§ 1305, subd. (a)(1)(D)) and, if so, whether there was "sufficient excuse" for his nonappearance (§ 1305.1).

### 1.  Chirinos's Appearance Was "Lawfully Required" Under Section 1305, Subdivision (a)(1)(D)

North River argues that the March 28, 2016 hearing on the subpoenaed records was an "other proceeding[]" within the meaning of section 977, subdivision (b) and that because Chirinos had not executed a written waiver of his right to be present, he was lawfully required to attend the hearing, rendering his nonappearance a basis on which to forfeit bail under section 1305, subdivision (a)(1)(D).[4] County counsel contends that Chirinos's nonappearance at the subpoena hearing was not a basis on which to forfeit bail because the trial court did not order Chirinos to personally appear at the hearing, nor was

---

[4] North River also asserts that Chirinos was obligated to attend the hearing under former Santa Clara County Superior Court, Local Rules, criminal rule 3(C)(1), which stated: "Consistent with Penal Code § 977, in felony cases, the defendant must be present each time his/her matter is called in Court, including when matters are submitted, unless a written waiver is on file. Absent a written waiver of appearance, failure of the defendant to appear will result in the issuance of a bench warrant. A written waiver of appearance shall not relieve a defendant from appearing at the Arraignment, Preliminary Examination, at the time of Plea, Master Trial Calendar (MTC), motions under Penal Code § 1050, and Sentencing." Because we determine that Chirinos's appearance at the subpoena hearing was required under section 977, subdivision (b), we do not address whether the local court rules also rendered Chirinos's presence at the hearing "lawfully required" within the meaning of section 1305, subdivision (a)(1)(D).

6

the hearing date set when Chirinos was present. County counsel also argues that the subpoena hearing was akin to court proceedings the California Supreme Court distinguished in *Safety National* from "other proceedings" under Penal Code section 977, subdivision (b)(1), such as sidebars at the bench, conferences in chambers, or impromptu or unscheduled proceedings. We conclude that the hearing constituted an "other proceeding[]" under section 977, subdivision (b) because it was a "case-related proceeding[] that occur[red] in open court." (*Safety National*, *supra*, 62 Cal.4th at p. 716.)

In *Safety National*, the California Supreme Court "conclude[d] . . . that for purposes of section 1305, a defendant's presence at an 'other proceeding[]' under section 977[, subdivision] (b)(1) constitutes a 'lawfully required' appearance for which his or her unexcused absence may justify the forfeiture of bail." (*Safety National*, *supra*, 62 Cal.4th at p. 716, fn. omitted.) The court determined that the pretrial hearing at which the criminal defendant failed to appear qualified as an "other proceeding[]" within the meaning of section 977, subdivision (b) and, thus, "constituted a basis on which to forfeit bail under section 1305." (*Id.* at pp. 716-717.)

Section 977, subdivision (b)(1) states, in pertinent part: "[I]n all cases in which a felony is charged, the accused shall be personally present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at *all other proceedings* unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2). . . ." (Italics added.) The California Supreme Court observed in *Safety National* that "[t]he five mandatory proceedings described in . . . section 977[, subdivision] (b)(1) (arraignment, plea, preliminary hearing, trial, sentencing) reflect the Legislature's concern that the felony defendant be present at *case-related proceedings that occur in open court*. Likewise, with respect to 'all other

proceedings' at which the defendant seeks to be absent, the standard waiver form set out in section 977, subdivision (b)(2) contemplates a situation where a defendant is *absent from court*." (*Safety National*, *supra*, 62 Cal.4th at p. 716, italics added.)

County counsel argues that the hearing on the subpoenaed records was "simply a local practice which allow[ed] the subpoenaing party to unilaterally set a motion for the release of documents" before the next previously scheduled court appearance. However, the California Supreme Court has explained regarding the third-party discovery process that " '[d]ocuments and records in the possession of nonparty witnesses and government agencies other than the agents or employees of the prosecutor are obtainable by subpoena duces tecum.' [Citation.] In civil actions, documents produced in response to a subpoena duces tecum for business records may be delivered to the clerk of the court or, at the election of the subpoenaing party, made available for inspection and copying at the witness's business address. (Evid. Code, § 1560, subds. (b), (e).) This rule does not apply, however, in criminal actions." (*Kling v. Superior Court* (2010) 50 Cal.4th 1068, 1074 (*Kling*).) Rather, in criminal cases, " '[t]he issuance of a subpoena duces tecum pursuant to section 1326 of the Penal Code . . . is purely a ministerial act and does not constitute legal process in the sense that it entitles the person on whose behalf it is issued to obtain access to the records described therein[,] *until a judicial determination has been made* that the person is legally entitled to receive them.' [Citations.]" (*Ibid.*, italics added.)

" '[I]n a criminal action, no party, attorney or representative of a party, may issue a subpoena commanding the custodian of records or otherwise qualified witness of a business to provide books, papers, documents, or records, or copies thereof, relating to a person or entity other than the subpoenaed person or entity in any manner other than that specified in subdivision (b) of Section 1560 of the Evidence Code' (Pen. Code, § 1326, subd. (c)), which provides for delivery of the materials to the clerk of the court. (See also Pen. Code, § 1326, subd. (b) [the option of making the documents available for

8

inspection and copying at the witness's business address (Evid. Code, § 1560, subd. (e)) 'shall not apply to criminal cases'].)  This restriction maintains the court's control over the discovery process, for if the third party 'objects to disclosure of the information sought, the party seeking the information must make a plausible justification or a good cause showing of the need therefor.'  [Citations.]"  (*Kling*, *supra*, 50 Cal.4th at pp. 1074-1075.)  In addition, Evidence Code section 1560, subdivision (d) provides that "[u]nless the parties to the proceeding otherwise agree, . . . the copy of the [subpoenaed] records shall remain sealed and shall be opened only at the time of trial, deposition, or *other hearing*, upon the direction of the judge, officer, body, or tribunal conducting the proceeding, *in the presence of all parties* who have appeared in person or by counsel at the trial, deposition, or hearing."  (Italics added.)

Thus, the hearing on the subpoenaed records was not akin to the "sidebars at the bench or conferences in chambers, i.e., those proceedings that do not occur in open court and that are often impromptu and unscheduled," that the Supreme Court suggested were not within the scope of section 977, subdivision (b)(1).  (*Safety National*, *supra*, 62 Cal.4th at p. 716.)  Under Evidence Code section 1560, the trial court could not have released the subpoenaed records to the prosecutor without defense counsel's presence at the hearing, and defendant had not executed a section 977, subdivision (b) waiver of his right to be present.

Importantly, section 977's use of "the statutory term 'at all other proceedings' does not distinguish between critical and noncritical proceedings.  [Citation.]  To the contrary, the broadly phrased term suggests the provision's reach is inclusive, i.e., subsuming those court proceedings not specifically listed in section 977."  (*Safety National*, *supra*, 62 Cal.4th at p. 712.)  " 'While th[e] basic and fundamental right to appear and defend flows from the Constitution, there is no reciprocal constitutional authority to be absent.  The right of absence . . . is derived from the Legislature.' "  (*Id.* at p. 713.)  "[W]hen a defendant has posted bail, both the defendant and the surety have

9

assumed the responsibility and obligation to ensure his or her presence at all requisite court proceedings, such as those covered by section 977[, subdivision] (b)(1)." (*Safety National*, *supra*, at p. 715.)

County counsel asserts that "[a] defendant's presence can be considered lawfully required when a court orders the defendant's appearance at a date and time certain [citation], or when a defendant has actual notice of a mandatory appearance because the defendant was present when the date and time were set [citation]." County counsel correctly observes that the trial court did not order Chirinos to appear and the hearing was not scheduled when Chirinos was present.

However, in *Safety National*, the California Supreme Court stated that "[f]or purposes of section 1305, [subdivision] (a), a defendant's presence may be deemed 'lawfully required' when a specific court order commands his or her appearance at a date and time certain [citations], or when a defendant has actual notice of a mandatory appearance—even without a court order—because he or she was present when the date and time of the appearance was set [citation]. [Citation.] The question in this case is whether defendant['s] . . . appearance at a scheduled pretrial hearing could be 'lawfully required' *by another provision of law*, namely, section 977[, subdivision] (b)(1). In other words, was defendant['s] . . . appearance 'otherwise required by law.' [Citations.]" (*Safety National*, *supra*, 62 Cal.4th at p. 710, italics added; see also *Financial Casualty & Surety*, *supra*, 5 Cal.5th at pp. 314, 320 [holding that the defendant's appearance " 'could be "lawfully required" by another provision of law,' specifically, section 1269b"]; *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 121-122 [determining that bail can be forfeited if a defendant fails to appear on a date as ordered by the court *or* as otherwise required by law].) We understand the Supreme Court's statement to mean that even absent a court order for the defendant's appearance or the defendant's presence when the court appearance was set, a defendant may be "lawfully required" to appear

10

within the meaning of section 1305, subdivision (a) by another provision of law. Here, the provision requiring defendant's appearance was section 977, subdivision (b).

In sum, we conclude that the March 28, 2016 hearing on the subpoenaed records qualified as an "other proceeding[]" within the meaning of section 977, subdivision (b). Thus, Chirinos's presence at the hearing "constitute[d] a 'lawfully required' appearance for which his . . . unexcused absence may [have] justif[ied] the forfeiture of bail." (*Safety National*, *supra*, 62 Cal.4th at p. 716, fn. omitted, quoting § 1305, subd. (a)(1)(D).)

### 2. The Record Does Not Support Trial Court's Implicit Finding of "Sufficient Excuse"

We must next determine whether there was "sufficient excuse" for Chirinos's nonappearance at the subpoena hearing, such that the trial court did not lose jurisdiction to forfeit the bond at a later date. (§ 1305.1; see *Safety National*, *supra*, 62 Cal.4th at p. 710.)

While a trial court ordinarily must "declare an immediate forfeiture upon the nonappearance of a defendant," it may delay taking this step if there is sufficient excuse for a defendant's failure to appear. (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 (*United Bonding*).) Pursuant to section 1305.1, "the trial court may continue a case for a reasonable period without ordering a forfeiture of bail or issuing a bench warrant, if it 'has reason to believe that sufficient excuse may exist' for the defendant's failure to appear. (§ 1305.1; [citation].)" (*Safety National*, *supra*, 62 Cal.4th at p. 710.) The determination whether an excuse is sufficient is a matter within the trial court's discretion that should be "decided on a case-by-case basis." (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 952 (*Ranger*).)

"[A] defendant's failure to appear without explanation is presumptively without sufficient excuse." (*United Bonding*, *supra*, 5 Cal.3d at p. 907.) Thus, to retain jurisdiction over the bond in the face of a defendant's nonappearance, the trial court must have " ' "some rational basis" ' " to believe that sufficient excuse exists. (*Amwest Surety*,

11

*supra*, 56 Cal.App.4th at p. 923, quoting *United Bonding*, *supra*, 5 Cal.3d at p. 906.) "[I]t would be impossible for a trial court, in the exercise of sound judicial discretion, to have 'reason to believe that sufficient excuse may exist' for a nonappearance if there were not some basis in *fact* for such a conclusion." (*People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 27.) While the factual basis for the sufficient excuse finding need not appear in the minutes—for example, the reporter's transcript could provide the necessary factual support—it must appear somewhere in the trial court record. (*Amwest Surety*, *supra*, at p. 922.)

Representations by defense counsel often provide a rational basis for a trial court's finding of sufficient excuse. (See *Amwest Surety*, *supra*, 56 Cal.App.4th at pp. 924-925 [listing examples of defense counsel's stated reasons for a defendant's nonappearance that gave rise to a supported finding of sufficient excuse, including the defendant's illness, a family member's illness, and a car accident].) Even vague assertions by defense counsel have been found to provide sufficient excuse. For example, a statement by defense counsel that he did not know why a defendant was not present, but the defendant had " 'never failed to appear in any proceeding ever [and] is usually here early,' " constituted sufficient excuse. (*Ranger*, *supra*, 108 Cal.App.4th at pp. 948-949, 953.)

On the other hand, "silent records provide no grounds to justify continuing a hearing without declaring a forfeiture of bail when the defendant fails to appear." (*Ranger*, *supra*, 108 Cal.App.4th at p. 952, fn. omitted.) "[A] record silent as to the trial court's reasons for believing there may be justification for a defendant's nonappearance will not support the court's continuance of the matter, and on collateral attack a subsequent bail forfeiture will be vacated." (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 718; see also *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1554 ["A silent record requires the reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare forfeiture not having been exercised was foreclosed"].) "If the court has no information that a sufficient excuse may exist so

12

as to justify a continuance pursuant to section 1305.1, the court must declare a forfeiture. If the court fails to do so, it loses jurisdiction and the bond is exonerated by operation of law. [Citations.]"  (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 49.)

Here, the record is silent regarding the reason for Chirinos's nonappearance on March 28, 2016.  When the case was called, defense counsel stated her appearance and noted that Chirinos was not present.  She then said, "I'd ask that his appearance be excused today."  No reason for the request was given and the trial court did not respond on the record to the request.  The "judge's notes" for the hearing state, "[W]aived Δ."

Analogizing this case to *Financial Casualty*, *supra*, 14 Cal.App.5th 127, county counsel argues that the trial court had reason to believe that Chirinos may have been unaware of the March 28, 2016 hearing because it was "unilaterally set" by the district attorney and there is "no evidence in the record that [Chirinos] was personally notified" of the hearing date.  In *Financial Casualty*, however, when the defendant failed to appear at a hearing, the defendant's lawyer "explained that he believed '[the defendant] got a little bit confused procedurally because his case was referred for [supervised pretrial release] and then he bailed out,' and two separate court dates had been set.  The court decided that in light of the possible confusing circumstances, it would give [the defendant] the benefit of the doubt and did not forfeit the posted bail."  (*Id.* at p. 131.) The Court of Appeal "conclude[d] the trial court properly exercised discretion in not ordering bail forfeited at the . . . hearing," because "[t]*he record clearly demonstrates* that [the defendant's] attorney had a reasonable explanation for [the defendant's] nonappearance that day," which warranted the trial court's implicit finding of sufficient excuse.  (*Id.* at p. 135, italics added.)

Although there is no evidence in the record that Chirinos had actual notice of the hearing date, notice to him can be inferred from the actual notice to defense counsel, who was served with the district attorney's motion and appeared at the March 28, 2016

13

hearing. (See *People v. Jimenez* (1995) 38 Cal.App.4th 795, 802-803.) We are therefore left with a silent record regarding the reason for Chirinos's nonappearance. Because the record provides no rational basis for the trial court's implicit finding of sufficient excuse, we must "conclude that [Chirinos's] nonappearance was without sufficient excuse and that the right to declare forfeiture not having been exercised was foreclosed." (*United Bonding*, *supra*, 5 Cal.3d at p. 907; see also *People v. Ranger Ins. Co.*, *supra*, 66 Cal.App.4that pp. 1551, 1555 [no sufficient excuse in the record for defendant's failure to appear where defense counsel advised the trial court that defendant was not present but offered no reason for defendant's absence].)

For these reasons, the trial court was obligated to declare a forfeiture of the bond when Chirinos failed to appear at the March 28, 2016 hearing on the subpoenaed records. Because the trial court did not declare a forfeiture on March 28, 2016, the bond was exonerated as a matter of law and the trial court's forfeiture of the bond on June 28, 2016 was in excess of its jurisdiction.

## IV. DISPOSITION

The order is reversed, and the trial court is directed to vacate the forfeiture and exonerate the undertaking.

14

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P. J.

_____

MIHARA, J.

*People v. North River Ins. Co.*
**H045228**

Filed 7/22/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H045228 |
| | (Santa Clara County |
| Plaintiff and Respondent, | Super. Ct. No. C1527676) |
| v. | ORDER CERTIFYING OPINION |
| | FOR PUBLICATION |
| NORTH RIVER INSURANCE COMPANY, | |
| Defendant and Appellant. | |

THE COURT:

The opinion in the above-entitled matter filed on June 28, 2019, was not certified for publication in the Official Reports. Appellant North River Insurance Company has requested the opinion be certified for publication. Under California Rules of Court, rule 8.1105(c), the opinion is ordered published.

_____
BAMATTRE-MANOUKIAN, J.

_____
ELIA, ACTING P. J.

_____
MIHARA, J.

| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.:  C1527676 |

Trial Judge:                                    Hon. Joshua Weinstein

Attorneys for Plaintiff and Respondent:         James R. Williams
The People                                      Robert M. Coelho
                                                Marcelo Quinones
                                                Office of the Santa Clara County Counsel

Attorneys for Defendant and Appellant:          John Mark Rorabaugh
North River Insurance Company                   Crystal Rorabaugh
                                                Law Office of John Rorabaugh

***People v. North River Insurance Company***
**H045228**